UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRUCE ALAN EDWARD,

    *Petitioner,*          CRIM. CASE NO: 12-cr-20705
                                       CIV. CASE NO.: 15-cv-12130

*v.*                                   DISTRICT JUDGE THOMAS L. LUDINGTON
                                       MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

    *Respondent.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION TO SUPPLEMENT,
AND RESPONDENT'S MOTION TO DISMISS**
(Docs. 69, 71)

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to supplement (Doc. 69) be **GRANTED IN PART AND DENIED IN PART**, and that Respondent's motion to dismiss by **GRANTED IN PART AND DENIED IN PART** (Doc. 71).

## II.   REPORT

### A.   Introduction

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is Petitioner's Motion to Supplement Pleading and Dismiss Claims in Original Motion to Vacate,[1] which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal

---

[1] The original Motion to Vacate will either be referred to as the original Motion to Vacate or the Petition, to distinguish it from the motion to supplement.

custodial sentence of Bruce Alan Edward ("Edward" or "Petitioner") and Respondent's Motion to Dismiss Petitioner's Motion to Supplement his Motion to Vacate. (Docs. 69, 71).[2]

### B. Background

On October 24, 2012, Petitioner was indicted on five counts of criminal copyright infringement in violation of 17 U.S.C. § 506(a)(1)(A) and one count of mail fraud, in violation of 18 U.S.C. § 1341. (Doc. 3). The underlying conduct Edward was charged with was using the United States Postal Service to distribute counterfeit copies of Microsoft software programs. *(Id.)*. On April 22, 2013, Petitioner's counsel filed a notice of disqualification because he was suspended for six months by the Michigan Attorney Discipline Board. (Doc. 15). Kenneth R. Sasse, Esquire, was appointed on April 25, 2013. (Doc. 16).

On November 25, 2013, the government filed a motion *in limine* to exclude evidence regarding patent infringement by Microsoft. (Doc. 27). On December 10, 2013, after both parties submitted briefs on the issue, the court granted the government's motion *in limine* excluding Edward from presenting "any evidence concerning whether the Microsoft software at issue infringed upon an i4i patent" at trial. (Doc. 44, at ID 265).

The docket reflects that Edward's trial began December 11, 2013 and concluded on December 17, 2013. The jury returned verdicts of not guilty on the first three copyright infringement counts, and verdicts of guilty on the second two copyright infringement counts and the mail fraud count. (Doc. 45).

A presentence investigation report ("PSR") was prepared and Edward submitted a brief objecting to the proposed loss amount, number of victims, and restitution amount. (Doc. 55).

---

[2] This motion is actually more akin to a response to Edward's motion to supplement.

Petitioner argued that the PSR loss amount of $1,565,878[3] was improperly based on the suggested retail price, failed to account for the fact that Microsoft no longer sold the software, and failed to demonstrate pecuniary harm as to the purchasers. (*Id.* at 325-27). He also objected to an enhancement based on an estimate of 250 victims, arguing that Petitioner's customers were not victims. (*Id.* at 327). Finally, he objected to the recommended restitution amount of $1,427,158 arguing that the PSR erroneously relied on the estimated retail price, and that Edward's customers did not suffer damages. (*Id.* at 327-29). The government filed a response, (Doc. 57) and Edward then filed a supplemental brief. (Doc. 58).

On June 5, 2014, a hearing was held during which Edward raised the above issues again. (Doc. 67). Edward was sentenced to 36 months in prison and $140,528.65 in restitution. (Doc. 59). The restitution amount was based on Edward's total gross receipts from his sales of the copyrighted software ($140,453) and the price paid by a customer who was found to be a victim ($75.65). (*Id.*; Doc. 67, at ID 498-503, 511-12).

Petitioner's § 2255 motion to vacate his sentence was filed on June 10, 2015. (Doc. 60, 64). Edward asserts that (1) his due process and fair trial rights were violated because the district court used loss amounts from counts one, two, and three, of which he was acquitted at trial, to calculate his restitution amount and sentence (*Id.* at 466-72); (2) his due process rights were violated because evidence that Microsoft was enjoined from selling the software was excluded and thus his sentence and restitution amount was based on the value of software that was not saleable (*Id.* at 472-73); and (3) Edward's counsel was ineffective for failing to raise the first two issues at sentencing or on appeal. (*Id.* at 473-74). The government filed a response

---

[3] This number was originally proposed as $1,425,425 but was later revised. (Doc. 68, at ID 518).

3

on August 12, 2014 asking that Edward's motion to vacate be denied without an issuance of a certificate of appealability. (Doc. 68).

On August 14, 2015, two days after the government submitted its response, Edward filed a motion to supplement his motion to vacate and "dismiss his previous claims in his original filing." (Doc. 69, at ID 534 (internal quotations omitted)). Petitioner's supplemental motion sets forth three grounds for relief, alleging ineffective assistance of counsel, (*Id.* at 328-43) and that the imposed sentence violated Petitioner's fifth and sixth amendment rights because it was based on a loss amount that was not found by the jury or admitted by petitioner. (*Id.* at 544-48). The government filed a motion to dismiss the motion to supplement as untimely. (Doc. 71).

I suggest that Petitioner's motion to supplement and dismiss his original motion to vacate (Doc. 69) should be granted in part and denied in part. Thus, Respondent's motion to dismiss the supplemental pleading should be granted in part and denied in part. (Doc. 71). The claims raised in Petitioner's original motion to vacate (Doc. 60) should be dismissed, as requested by Plaintiff. Petitioner should be granted leave to file an amended motion to vacate on the ground that "[c]ounsel failed to investigate and offer mitigating evidence during sentencing in regards to restitution." (Doc. 69, at ID 543).

**C.     Petitioner's Motion to Supplement** (Doc. 69)

*Pro se* Petitioner's self-titled "Motion to Supplement Pleading and Dismiss claims in Original Motion to Vacate Under § 2255 Pursuant to Federal Rules of Civil Procedure 15(a)(2) with Brief in Support" should be construed as a motion to amend. (Doc. 69). Amended

pleadings relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; whereas, supplemental pleadings deal with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings. 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1504 (2d ed. 1990). Petitioner cites to Fed. R. Civ. P. 15(a)(2) in his motion and refers only to factual and legal claims that arose prior to his original petition. (Doc. 69). Thus, I suggest that Petitioner meant to amend his original petition, and will construe his motion as one to amend.[4]

### a. Law and Analysis

The Federal Rules of Civil Procedure apply to habeas proceedings. 28 USCS § 2255 Proc. R. 12. Rule 15 permits amendment of pleadings, and notes that "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court need not grant leave to amend when the amendment of the complaint would be futile, such that the proposed amendment would not withstand a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Fed. R. Civ. P. 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."

Amendment of a complaint may be futile if it is untimely. Section 2255 claims are subject to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one year statute of limitations which runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[4] To reduce confusion I will continue to refer to Petitioner's motion as a motion to amend.

> States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In his motion to amend, Petitioner does not allege any impediment, newly recognized right, or newly discovered factual evidence. (Doc. 69). Thus the statute of limitations began to toll on "the date on which the judgment of [Petitioner's] conviction [became] final." 28 U.S.C. § 2255(f)(1). *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). A judgment of conviction that is not appealed becomes "final" 14 days after the entry of judgment, when the time for filing a direct appeal expires. Fed. R. App. P. 4(b); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-28 (6th Cir. 2004) (relying on Fed R. App. P. 4(b)(1) prior to the 2009 amendment from 10 to 14 days); *Callins v. United States*, No. 04-20009, 2015 U.S. Dist. LEXIS 45611, at *3-4 (E.D. Mich. Apr. 7, 2015).

Petitioner's judgment of convictions was entered on June 9, 2014; thus it became final on June 23, 2014. (Doc. 59). Therefore, the statute of limitations for filing a petition under § 2255 expired on June 23, 2015. Since Edward's motion to supplement was filed on August 14, 2015, it is untimely. Thus it is time barred unless, as discussed below, an exception applies.

If a motion to amend a § 2255 motion is not filed within the one year statute of limitations the amendment is time barred unless it meets the relation back criteria of Federal Rule of Civil Procedure 15(c). Rule 15(c) permits a claim to relate back when "the amendment

asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme court held that an amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.[5] For a § 2255 supplemental motion to "relate back" "the original and amended petitions [must] state claims that are tied to a common core of operative facts." *Id.* at 664. Merely asserting that the "new claim stems from the habeas petitioner's trial, conviction, or sentence" is insufficient. *Id.*

Even if a claim does not relate back a court may grant permission to amend where equitable tolling is justified. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling of AEDPA's statute of limitations, however, should be applied 'sparingly,' and the movant 'bears the burden of demonstrating that he is entitled to equitable tolling." *Marshall v. United States*, No. 09-cr-20536-06, 2015 U.S. Dist. LEXIS 21666, at *3 (E.D. Mich. Feb. 24, 2015) (quoting *Vroman v. Brigano*, 345 F.3d 598, 604 (6th Cir. 2003)).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190

---

[5] "Although the Petition in *Mayle* involved a challenge to a state conviction under 28 U.S.C. § 2254, the Court finds the analysis also applies to post conviction motions challenging federal convictions under 28 U.S.C. § 2255." *Collier v. United States*, No. 08-cv-119, 2011 U.S. Dist. Lexis 16846, at *17-18 (E.D. Tenn. Feb. 17, 2011) (citing Steverson v. Summers, 258 F.3d 520, 523 n.4 (6th Cir. 2001) ("Title 28 U.S.C. § 2255 is essentially equivalent to § 2254 . . . .")).

F.3d 708, 715 (6th Cir. 1999). However, the court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Petitioner's amended petition motion raises three theories of ineffective assistance of counsel, and a violation of his fifth and sixth amendment rights. (Doc. 69). I will consider each of these claims in turn.

### b. Analysis and Conclusions

#### i. Ineffective Assistance

Petitioner's timely filed petition and his motion to amend both raise claims of ineffective assistance of counsel. (Doc. 60, 69). However, a common legal theory is not sufficient in itself for an untimely § 2255 motion to amend to relate back. *United States v. Balcewicz*, No. 11-cr-20321, 2014 U.S. Dist. LEXIS 138859, at \*25-26 (E.D. Mich. Sept. 30, 2014) (citing *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) ("Failing to file an

appeal is a separate occurrence in both time and type from a failure to pursue a downward departure or failure to object to the type of drugs at issue.")).

In his amended pleading, Petitioner first argues that his trial counsel was ineffective for failing to present key evidence, develop witnesses, and seek professional assistance via 18 U.S.C. § 3600 (Doc. 69, at ID 538-42). Petitioner argues that a defense of "legal impossibility" should have been raised, and given the technical details of the commercial dealings, which led to the copyright infringement allegations, Petitioner's counsel should have called expert and professional witnesses to testify. (*Id.* at 540-41). Petitioner notes that "[i]n light of the fact that the Petitioner was acquitted on 3 of the 6 counts, these technical terms and professional explanations could have provided him with the key tipping point during trial, and denial of such, constitutes deficient performance." (*Id.* at 541).

Petitioner's new claim differs in both time and type from the claims set forth in his original pleading. His original motion to vacate alleged that Petitioner's counsel rendered ineffective assistance during sentencing and appeal.[6] (Doc. 60, at ID 446). Petitioner alleged that his counsel should have raised arguments that his due process and fair trial rights were violated because the district court used loss amounts from counts one, two, and three, of which he was acquitted at trial, to calculate his restitution amount and sentence; (*Id.* at 466-72) and that his sentence and restitution amount were erroneously based on the value of software that was not saleable because Microsoft was enjoined

---

[6] Although Edward notes in his motion that counsel was ineffective because the alleged issues "all should have been raised at trial, at sentencing, and at appeal," (Doc. 60, at ID 446) the arguments set forth in his brief only allege ineffective assistance with regard to sentencing and appeal. (Doc. 64, at ID 473-74). Only the issue that an injunction prevented Microsoft from selling the software could hypothetically have been raised at trial, but Petitioner recognized that the issue was argued during a motion *in limine*. (Doc. 60, at ID 444). He does not put forth any argument that his counsel was ineffective at trial or during the *in limine* motion. (*Id.* at 446; Doc. 64, at ID 473-75).

from selling the software. (*Id.* at 472-73). Petitioner's newly-raised ineffective assistance of counsel claim argues that Counsel failed to investigate and present evidence at trial. The facts underlying this claim differ from those necessary to prove that the District Court erred in calculating Petitioner's sentence and restitution amount. Thus, I find that Petitioner's first ineffective assistance claim does not relate back because it does not rise out of a common core of operative facts and the underlying facts occurred at different stages of this action—one at trial and the other at sentencing. Furthermore, Petitioner has not raised any argument that equitable tolling should apply. Thus, I suggest that amendment of this claim should be denied as futile.

Petitioner's second claim of ineffective assistance raised in his motion to amend, argues that counsel was ineffective for advising Petitioner not to appeal. (Doc. 69, at ID 542). Petitioner states: "[P]erhaps the most egregious of counsel's mistakes is when he advised Petitioner not to 'appeal' this matter because he 'may receive more time due to the inaccurate calculations of the loss.'… Relying upon advice of counsel, Petitioner accepted this advice against his better judgment." (*Id.*). I suggest that Petitioner's new claim differs in type from his previous claim. In his original petition Edward merely argues that counsel failed to object to and appeal a specific defect in sentencing.[7] (Doc. 64, at ID 473-74). Here he alleges that counsel provided inaccurate advice on the repercussions of an appeal. *See Riley v. United States,* No. 03-20049, 2008 U.S. Dist. LEXIS 56628, at *14-15 (E. D. Mich. July 24, 2008) (finding that a new claim of

---

[7] In response to questions on why he did not directly appeal grounds one and two of his original motion Edward states that his "attorney advised against an appeal, and said that there were no appealable issues, and the conviction and sentence would merely be affirmed." (Doc. 60, at ID 443, 445). However, he does not allege that his attorney's advice was erroneous within his original motion. (Doc. 60, 64).

ineffective assistance claim did not relate back because "[t]he new claim refers to specific instructions to file a notice of appeal, whereas the original claim of ineffective assistance of counsel alleged that trial counsel failed to object to a failure of advice from the trial court and then appeal that supposed defect"). *But see*, *United States v. Thornton*, No. 05-cr-184, 2012 WL 910146, at *2 (S.D. Ohio Mar. 13, 2012) (finding that an ineffective assistance claim related back, even though it raised a different theory, because both the original claim and the amended claim raised issues of trial counsel ineffectiveness). The facts underlying each claim differ. The original claim requires evidence that Petitioner's attorney failed to object to the calculation of the loss amount at sentencing and then appeal the court's decision; whereas the new claim requires evidence that if Edward were resentenced he would not be facing the possibility of a higher sentence. Petitioner does not raise any argument that the statute should be equitably tolled. I suggest that this claim does not relate back to Petitioner's original motion and amendment should be denied as futile.

Petitioner raises a third claim of ineffective assistance, alleging that counsel failed to investigate and offer mitigating evidence during sentencing in regard to the restitution amount. (Doc. 69, at ID 543). Within this claim Petitioner raises two arguments. First he claims that his counsel failed to present evidence that copyright infringement was a "legal impossibility" and Microsoft could not profit from the sale of the software and "irrevocably gave up its interest in such when they lawfully sold an overabundance in the Asian markets to verified resellers." Second, Petitioner argues that his counsel failed to

11

introduce evidence that "the $140,528.65 order of restitution contained approximately: 1) $13,000.00 in fees collected for the United States Postal Service transactions; 2) $9,000.00 in fees remitted to E-Bay; 3) $1,000.00 for a personal boat sale; and 4) various fees for hard-drives, computer memory, and service packs." (*Id.*).

With regard to the first argument, the appropriate time to present such a claim would be at trial, not sentencing. Edward did not raise any claims regarding the authenticity of the software that he sold in his original pleading, thus the facts underlying this claim differ as well. Thus I suggest that this claim does not relate back and should not be allowed to proceed.

I suggest that Petitioner's second argument is similar in both time and type to Petitioner's original claims. Edward's original petition claimed that his counsel rendered ineffective assistance by failing to object that his sentence was erroneously based on loss amounts from specifically acquitted charges and non-saleable, valueless software. (Doc. 60, at ID 443-44; Doc 64, ID 472). In his new claim, Edward argues that his counsel failed to object that the restitution amount erroneously included fees. Both ineffective assistance claims arose from alleged failure of counsel to raise issues during sentencing; thus both claims are the same in time. The claims also arise from the same common core of operative facts because they both argue that counsel failed to properly object to an erroneous calculation of the restitution amount.[8] *See Thornton*, 2012 WL 910146, at *2.

---

[8] There is some authority that "[s]tand-alone claims challenging restitution are not cognizable under § 2255." *Singh v. United States*, No. 08-cv-318, 2009 WL 1770656, at *10 (W.D. Mich. June 23, 2009); *see, e.g.*, *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003); *United States v. Kramer*, 195 F.3d 1129, 1129-30 (9th Cir. 1999); *Balik v. United States*, 161 F.3d 1341, 1343 (11th Cir. 1998); *Smullen v. United States*, 94 F.3d 20, 25-26 (1st Cir. 1996) In denying a § 2255 motion challenging the imposition of costs of imprisonment and supervised release, the Sixth Circuit noted that "[t]he plain language of § 2255 provides only prisoners who claim a right to be released from custody an avenue to challenge their

Thus, Respondents were placed on notice of such a claim, and will not be prejudiced by an amendment asserting such.

I suggest that Petitioners ineffective assistance claim regarding counsel's failure to investigate the fees included in the order of restitution does relate back, and Petitioner should submit an amended motion on this ground.

### ii. *Apprendi* Claim

Petitioner's amended petition also alleges that his sentence violates his Fifth and Sixth Amendment rights under the auspices of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner argues that the loss amount relied on by the court was improper because "the jury did not make a specific finding of the loss or claim amount required by 18 U.S.C. § 2319 and 17 U.S.C. § 506." (Doc. 69, at ID 544). Edward also alleges that:

> Other than the fact of a prior conviction, any fact that increases the penalty ranges must be submitted to a jury, and proved beyond a reasonable doubt. Further, it is equally clear that any alleged facts must be established by proof beyond a reasonable doubt, as required by the Fifth and Sixth Amendment. In a nutshell, Petitioner was acquitted for conduct he now stand[s] in punishment for due his counsel's failure to raise these issues during sentencing.

(*Id.* at 545).

I suggest that this claim does relate back in both time and type to Edward's original petition. Edward alleged that the District Court erred in calculating the loss amount in his original motion to vacate. (Doc. 60, at ID 443-44). Here, Petitioner is

---

sentences." *United States v. Watroba*, 56 F.3D 28, 29 (6th Cir. 1995). However, in a footnote the Sixth Circuit declined to extend *Watroba* to a claim contesting restitution stating, "We will follow this court's precedent in *Ratcliff*, 999 F.2d at 1025-27, which *Watroba* did not purport to overrule, allowing a petitioner to contest a restitution order under § 2255 based on a meritorious ineffective assistance of counsel claim." *Weinberger v. United States*, 268 F.3d 346, 351 n.1 (6th Cir. 2001).

alleging that the District court erred by failing to submit the loss amount to the jury. (Doc. 69, at ID 545). Presuming that Edward's counsel should have raised this claim, it would have been raised as on objection to the PSR or on appeal. Thus Edward's new claim is similar in time to his original claims. The claims also arise from the same operative facts. In his original motion Edward claimed that the court erroneously relied on acquitted conduct during sentencing and that the loss amount should not have included non-saleable copies of software. (Doc. 60, at ID 443-44). Here, Edward alleges that the court improperly determined the loss amount without jury consideration. (Doc. 69, at ID 547). Although the legal theories behind these two claims differ, the underlying facts—the factors that were considered in determining the loss amount—are the same. Thus I suggest that respondent was placed on notice of such a claim by Petitioner's first motion to vacate and as such will not be prejudiced if the claim did relate back. *See Thornton*, 2012 WL 910146, at *2 ("While the theory of the two claims are different, the time when []counsel should have acted (if he should have acted at all) is the same); *Gonzales v. Baca*, 2007 U.S. Dist. LEXIS 32441, at *13-14 (N.D. Cal. Apr. 19, 2007) (finding that a claim alleging ineffective assistance with jury instructions related back to a claim alleging errors in those same instructions); s*ee also* 2006 U.S. Dist. LEXIS 27089 at *4 (relation back applies when amendment alleges ineffective assistance in failing to raise an *Apprendi* challenge and original claim alleges a *Booker* challenge).

However, I suggest that Petitioner should be denied leave to amend with regard to this claim because Petitioner's claim would not survive a 12(b)(6) motion to dismiss. Edward failed to raise this argument on direct appeal. In order to proceed Edward must demonstrate cause and actual prejudice or that he is actually innocent of the crime. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). In his motion to supplement, Petitioner does not allege that he is actually innocent,[9] but he does allege that counsel was ineffective by advising Petitioner not to appeal and failing to raise issues at sentencing. (Doc. 69, at ID 542-43). Ineffective assistance of counsel may satisfy the "cause" requirement. *Murray v. Carrier*, 477 U.S. 478, 489 (1986) (superseded by statute on other grounds); *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996). To succeed on a claim of ineffective assistance of counsel, Petitioner must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) he or she was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland v. Washington*, 466 U.S. 668, 688 (1994). However, "appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003).

In his argument Edward relies on *Apprendi,* 530 U.S. 466 (2000) and *Alleyne,* 133 S. Ct. 2151 (2013) arguing that the District court violated his Sixth Amendment rights by basing his sentence on a loss amount which was not determined by the jury or admitted by Petitioner. (Doc. 69, at ID 544-48). In *Apprendi* the Supreme Court held

---

[9] While Petitioner does assert that he "was authorized to resale [sic] the software in question and at no time did he get involved in 'pirating' or 'infringing upon a copyright' as he simply sold []an authentic product[], recognized by Microsoft," (Doc. 69, at ID 546), he does not allege that he did not engage in the sale of the software in question. Furthermore, because I suggest that Petitioner's claim as a whole is meritless, the issue of actual innocence is not relevant at this time.

15

that "any fact that increases the penalty for a crime beyond that prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Alleyne* the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S.Ct., at 2155. However, the Court noted that "[t]his ruling does not mean that any fact that influences judicial discretion must be found by a jury . . . broad sentencing discretion, informed by judicial fact finding, does not violate the Sixth Amendment." *Id.* at 2153. The Sixth Circuit has noted that "*Alleyne* did not extend *Apprendi* to facts that do not increase the prescribed statutory penalties." *United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013). Thus *Apprendi* and *Alleyne* do not apply to guideline calculations. *United States v. Johnson*, 583 Fed. Appx. 503, 511 n.4 (6th Cir. 2014).

Petitioner was sentenced for violations of 17 U.S.C. § 506(a)(1)(A), 18 U.S.C. § 2319(b)(1), and 18 U.S.C. § 1341. None of these violations carried a mandatory minimum. Counts four and five of the indictment, of which Edward was convicted states that Petitioner "willfully, and for the purpose of private financial gain, infring[ed] a copyright by distributing during a 180-day period . . . ten (10) or more counterfeit copies of copyrighted Microsoft Office 2003 Professional software having a total retail value of more than $2,500." (Doc. 3, at ID 6). Since the value of the software exceeded $2,500 the statutory maximum for the commission of this crime is 5 years. 18 U.S.C. § 2319(B)(1). In addition, Petitioner was also convicted on count six of the indictment which states that Petitioner "having devised a scheme and artifice to defraud . . . for the

purpose of executing and attempting to execute said scheme and artifice to defraud did knowingly cause to be delivered by the United States Postal Service a package containing a counterfeit copyrighted work, . . . in violation of Title 18, United States Code, Section 1341." (Doc. 3, at ID 8). Section 1341 carries a maximum of 20 years in prison. Edward was sentenced to 36 months in prison. (Doc. 59). Thus any allegation that Edward's prison sentence exceeded the statutory maximum or raised the statutory minimum is clearly without merit.

Furthermore his allegations that the jury should have determined the loss amount attributable to him and whether a sentencing enhancement should have been applied also lacks merit. "[C]ase law clearly dictates that *Apprendi* applies only to statutory penalties." *United States v. Johnson*, 583 Fed. Appx. 503, 511 n.4 (6th Cir. 2014).

### D. Petitioner's Original Motion to Vacate (Doc. 60)

In his motion to amend, Petitioner seeks to dismiss "his previous claims in his original filing." (Doc. 69, at ID 534). In light of my findings that Petitioner's motion to amend should be granted in part, the amended petition will completely replace the original petition. Therefore his previous claims will no longer be viable and do not need to be dismissed.

### E. Conclusion

Therefore I suggest that Petitioner's motion to amend (Doc. 69) should be **GRANTED IN PART AND DENIED IN PART.** Petitioner should be granted leave to submit an amended motion to vacate on the ground that counsel failed to investigate and introduce evidence

regarding the breakdown of the restitution amount. (Doc. 69, at ID 543). Respondent's motion to dismiss (Doc. 71) should by **GRANTED IN PART AND DENIED IN PART.**

Petitioner should file an amended Motion to Vacate Sentence, which will completely replace the original motion to vacate, in accordance with the above ruling before **November 2, 2015.** In the amended Motion to Vacate Sentence Petitioner may only raise the argument that counsel rendered ineffective assistance by failing to introduce evidence that the restitution amount was erroneously based on fees.

### III.     REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th

Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 13, 2015         S/ PATRICIA T. MORRIS
                               Patricia T. Morris
                               United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class mail to Bruce Alan Edward #47790039 at Elkton FCI, P.O. Box 10, Lisbon, OH 44432.

Date: October 13, 2015         By s/Kristen Krawczyk
                               Case Manager to Magistrate Judge Morris