UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,        Case No. 12-cr-20705

v.        Honorable Thomas L. Ludington

BRUCE ALAN EDWARD,

        Defendant/Petitioner.

_____/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, OVERRULING PETITIONER'S OBJECTIONS, SUSTAINING RESPONDENT'S OBJECTIONS, DENYING IN PART MOTION TO AMEND, GRANTING MOTION TO DISMISS, AND STRIKING PORTIONS OF AMENDED MOTION TO VACATE**

Petitioner Bruce Alan Edward filed a motion to vacate his sentence pursuant to the 28 U.S.C. § 2255 on June 10, 2015. Mot. Vacate, ECF No. 60. On August 14, 2015, Edward filed a "motion to supplement pleadings and dismiss claims." Mot. Amend, ECF No. 69. Magistrate Judge Patricia T. Morris, to whom this motion is referred, construed Edward's motion to supplement as a motion to amend. Edward's motion to amend was filed outside of the one year statute of limitations imposed on habeas corpus proceedings by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2255(f). As a result, Judge Morris analyzed whether Edward's newly added claims related back to his initial habeas claims. Judge Morris concluded that all but one of Edward's claims did not relate back to his initial habeas petition and thus were barred by AEDPA's statute of limitations. Judge Morris did determine that one of Edward's claims did relate back to his initial habeas petition and thus could proceed. Judge Morris issued her report on October 13, 2015. Rep. & Rec., ECF No. 73.

Both Edward and the Government filed objections to the Report. Edward argues that he did make a claim of actual innocence that should permit his time-barred claims to proceed. The Government argues that all of Edward's amended claims are time barred and that the Report erred by concluding that one of his amended claims could proceed. Those objections are now under consideration.

## I.

The facts as conveyed by Judge Morris in her Report have not been objected to by either party. They will be adopted as if fully restated herein.

## II.

### A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

### B.

The Federal Rules of Civil Procedure apply to habeas corpus proceedings under 28 U.S.C. § 2255. Rules Governing Section 2254 and 2255 Cases, Rule 12. Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Further, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Id*. at 15(c)(1)(B). "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). "Delay by itself is not sufficient reason to deny a motion to amend." *Id*. A court must also evaluate the notice and possible prejudice to the opposing party when considering whether to permit amendment. *Id*. "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

### III.

Both the Government and Edward filed objections. Edward objected only to the Report's conclusion that he was not asserting a claim of actual innocence. The Government objected to the Report's conclusion that one of his ineffective assistance of counsel claims did relate back to his original petition.

### A.

Edward does not raise any objections to the Report's analysis and conclusions concerning his motion to amend. He takes issue with the Report's conclusion that he is not asserting a claim of actual innocence, however. A claim of actual innocence can overcome a habeas petitioner's

procedural default. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013). "To establish actual innocence, [Edward] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id*. Edward "bears the burden of showing his actual innocence." *Brice v. Snyder*, 82 F. App'x 444, 446 (6th Cir. 2003). He must meet this burden by "support[ing] his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Edward does not meet his burden. He does not adduce any new reliable evidence that would support his claim of actual innocence. He does raise some evidence that was available at trial but which his trial counsel chose not to introduce. But that evidence is in the form of a Fortune 500 article about "How Microsoft Conquered China." It is hardly proof that Edward was not guilty of copyright infringement. Edward's claims otherwise amount to no more than attacks on what he perceives to be an insufficiency of evidence substantiating his guilt. *See* M. Amend 7, ECF No. 69 ("Petitioner's actions in legally purchasing these sealed volumes and reselling them, after Microsoft also openly admitted that these products were no longer for sale, as they were obviously multiple product generations past Windows 2003, constitues [sic] a "legal impossibility defense[.]"). That is not a claim of actual innocence. *Miller v. United States*, 208 F.3d 214 (6th Cir. 2000) ("The petitioner must show factual innocence, not mere legal insufficiency."). Even if it was, Edward offers no substantiation for his claim that he cannot violate Microsoft's copyright on products that are no longer for sale.

Edward's objections will be overruled.

**B.**

The Government objects to the Report's determination that one of Edward's proposed amended claims related back to his initial habeas petition. The relevant portion of the Report follows:

> I suggest that Petitioner's second argument is similar in both time and type to Petitioner's original claims. Edward's original petition claimed that his counsel rendered ineffective assistance by failing to object that his sentence was erroneously based on loss amounts from specifically acquitted charges and non-saleable, valueless software. (Doc. 60, at ID 443-44; Doc 64, ID 472). In his new claim, Edward argues that his counsel failed to object that the restitution amount erroneously included fees. Both ineffective assistance claims arose from alleged failure of counsel to raise issues during sentencing; thus both claims are the same in time. The claims also arise from the same common core of operative facts because they both argue that counsel failed to properly object to an erroneous calculation of the restitution amount. *See Thornton*, 2012 WL 910146, at *2. Thus, Respondents were placed on notice of such a claim, and will not be prejudiced by an amendment asserting such.

Rep. & Rec. 12–13, ECF No. 73. The Report relies on *United States v. Thornton*, Case No. 3:05-CR-184, 2012 WL 910146, at *2 (S.D. Ohio Mar. 14, 2012), and the Government alleges erroneously so. The Government argues that under *Mayle v. Felix*, 545 U.S. 644 (2005), the connection between the claims is insufficient to relate back.

Indeed, *Felix* specifically counsels against using a broad understanding of "conduct, transaction, or occurrence" when analyzing whether a claim relates back. *Id.* at 664 (noting that "conduct, transaction, or occurrence" is not the same as "trial, conviction, or sentence"). The Supreme Court offered examples of the type of underlying common core of operative facts that do relate back:

> For example, in *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (C.A.8 2003), the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The Court of

> Appeals approved relation back. And in *Woodward v. Williams*, 263 F.3d 1135, 1142 (C.A.10 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted.

*Id*. at 664 n.7. The question here is a close one, but ultimately *Felix* weighs against amendment. Here, Edward's new claim is also an objection to the amount of restitution imposed, but it is otherwise wholly different. Edward takes issue with an entirely different component of the restitution order: the inclusion of fees assessed by the United States Postal Service and E-Bay.

*Thornton*, cited by the Report, supports the proposition that Edward's claims relate back. But the *Thornton* court allowed amendment under *Felix* despite not properly conducting the *Felix* inquiry into whether there is a common core of operative facts:

> The Court finds that the first proposed new claim meets the *Mayle v. Felix* standard. Both claims are about trial counsel ineffectiveness. While the theory of the two claims is different, the time when trial counsel should have acted (if he should have acted at all) is the same for both claims. Therefore the Motion to Amend (Doc. No. 221) is granted as to the first proposed claim.

*Thornton*, 2012 WL 910146, at *2. That is the extent of the *Thornton* court's analysis. It makes no mention of whether the claims at issue share a common core of facts, the inquiry that the Supreme Court emphasized in *Felix* as being particularly important. That is not to say that the *Thornton* court erred in its analysis, only that the case is not particularly helpful in analyzing Edward's claim.

Here, Edward's claims do not share a common core of operative facts. While it is true that both of Edward's claims concern his sentencing counsel's failure to object to restitution amounts, the *Felix* inquiry requires a more particularized approach. The important question is whether the facts underlying the two ineffectiveness claims are pertinent to each other. The inquiry requires viewing the claims outside of the ineffectiveness framework. That is: if Edward challenged one portion of the restitution order (the portion concerning the valuation of loss based

on the product he sold) and then sought to add a claim challenging another portion (the fees from the USPS and E-Bay, along with other miscellaneous items added to the restitution amount), would the new claim relate back? It would not. Edward made a particularized claim about his restitution amount and consciously excluded arguments about the fees and other miscellaneous items assessed. He now seeks to add the arguments he excluded. The Government cannot be said to be on notice of those arguments simply because Edward's new claims broadly concern restitution.[1] *Felix* warned against that approach.

The Government's objection will be sustained.

## IV.

Accordingly, it is **ORDERED** that the Report and Recommendation, ECF No. 73, is **ADOPTED in part** and **REJECTED in part**.

It is further **ORDERED** that Petitioner Edward's Objections, ECF No. 76, are **OVERRULED**.

It is further **ORDERED** that the Government's Objections, ECF No. 74, are **SUSTAINED**.

It is further **ORDERED** that Petitioner Edward's motion to amend, ECF No. 69, is **DENIED IN PART** to the extent he seeks to add new claims.

It is further **ORDERED** that the Government's motion to dismiss, ECF No. 71, is **GRANTED**.

It is further **ORDERED** that Petitioner Edward's Amended Motion to Vacate, ECF No.

---

[1] Edward's circumstance is akin to a defendant challenging the imposition of a sentencing enhancement (or claiming his lawyer failed to challenge an enhancement) and then amending to challenge a different enhancement as well (or to claim his lawyer failed to challenge a different enhancement). Invocation of an "enhancement" in his habeas petition would be insufficient to allow him to incorporate claims concerning all of his enhancements after the AEDPA statute of limitations had run.

75, is **STRICKEN** to the extent it conflicts with this Order.

Dated: May 19, 2016                                       s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 19, 2016.

s/Richard Loury for Michael A. Sian
RICHARD LOURY, Acting Case Manager

---