UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRUCE ALAN EDWARD,

*Petitioner*,

v.

UNITED STATES OF AMERICA,

*Respondent.*

_____/

CRIMINAL CASE NO. 12-CR-20705
CIVIL CASE NO. 15-CV-12130

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S RECONSIDERED REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Docs. 60, 75 )

**I.    RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motion (Docs. 60, 75) be **DENIED**; and that the civil case be **DISMISSED**.

**II.    REPORT**

**A.    Introduction**

On October 24, 2012, Petitioner was indicted on five counts of criminal copyright infringement in violation of 17 U.S.C. § 506(a)(1)(A) and one count of mail fraud in violation of 18 U.S.C. §1341. (Doc. 3.) The underlying conduct involved use of the United States Postal Service to distribute counterfeit copies of Microsoft software programs. (*Id*.) On December 10, 2013, after both parties submitted briefs on the issue, the court granted the government's motion in limine excluding Edward from presenting "any evidence concerning whether the Microsoft software at issue infringed upon an i4i patent" at trial. (Doc. 44 at ID 265.) Edward's trial began on December 11, 2013 and concluded on December 17, 2013. The jury returned

verdicts of not guilty on the first three copyright infringement counts and verdicts of guilty on the remaining two copyright infringement counts and the mail fraud count. (Doc. 45.)

A presentence report was prepared and Edward objected to the proposed loss amount, number of victims, and restitution amount. (Doc. 55.) Edward argued that the loss amount of $1,565,878 was improperly based on the suggested retail price and that such calculation failed to account for the fact that Microsoft no longer sold the software and that the government had failed to demonstrate pecuniary harm as to the purchasers. (*Id*. at 325-27.) Edward also objected to an enhancement based on an estimate of 250 victims, and the restitution amount of $1,427,158 which was based on the estimated retail price because his customers did not suffer damages. (*Id*. at 327-29.) On June 9, 2014, Edward was sentenced to 36 months in prison and $140,528.65 in restitution. (Doc. 59.) The restitution amount was based on Edward's total gross receipts from sales of the copyrighted software ($140,453) and the price paid by a customer who was found to be a victim ($75.65). (Doc. 67 at ID 498-503, 511-12.)

On June 10, 2015, Edward filed a motion to vacate sentence. (Doc. 60) Edward later filed a motion to supplement his motion to vacate sentence. (Doc. 69.) The government filed a motion to dismiss the motion to supplement as untimely. (Doc. 71.) A Report and Recommendation (R&R) was filed recommending that each of the motions be granted in part and denied in part. (Doc. 73.) The recommended result was that Petitioner's motion to supplement or amend (Doc. 69) should be denied and Respondent's motion to dismiss the motion to supplement (Doc. 71) be granted except that Petitioner should be allowed to submit an amended motion to vacate asserting the new ground that counsel failed to object to the restitution amount being based on fees. (Doc. 73.) The R&R gave Petitioner until November 2,

2015, to file an amended motion to vacate which would be allowed to set forth only the argument that counsel rendered ineffective assistance by failing to introduce evidence that the restitution amount was erroneously based on fees. (Doc. 73 at ID 582.) Edward timely filed his amended motion to vacate sentence. (Doc. 75.)

The R&R was adopted in part on May 19, 2016. (Doc. 78.) The order adopting the R&R in part denied Petitioner's objections but sustained Respondent's objections. (Doc. 78 at ID 613.) The Order concluded that Edward's supplemental claim regarding the calculation of restitution based on fees could not relate back and should not be allowed to proceed. (*Id*.) The Order provided that Respondent's motion to dismiss the motion to supplement (Doc. 71) was granted. (*Id*.) The Order also stated that Petitioner's motion to supplement or amend (Doc. 69) was "**DENIED IN PART** to the extent he seeks to add new claims" and that Petitioner's amended motion to vacate (Doc. 75) was "**STRICKEN** to the extent it conflicts with this Order." (Doc. 78 at ID 614-15.)

The only new claim that would have been allowed to proceed under the R&R was the claim was the claim that Petitioner's counsel was ineffective for failing to object to restitution that erroneously included fees. Since this portion of the R&R was not adopted, this claim is no longer viable.

Accordingly, the only viable claims are those raised in Petitioner's original motion to vacate: (1) that his due process and fair trial rights were violated because the district court used loss amounts from counts one, two, and three, of which he was acquitted at trial, to calculate his restitution amount and sentence (Doc. 60 at ID 466-72); (2) his due process rights were violated because evidence that Microsoft was enjoined from selling the software was excluded

and thus his sentence and restitution amount was based on the value of software that was not saleable (*Id*. at 472-73); and (3) counsel was ineffective for failing to raise the first two issues at sentencing or on appeal. (*Id*. at 473-74.)

Respondent argues that Edward's first two claims are procedurally defaulted because they were not raised on direct appeal, although they could have been. (Doc. 68 at ID 520.) Respondent further argues that Petitioner must show cause and prejudice to circumnavigate procedural default and also notes that ineffective assistance of counsel can provide cause. However, Respondent contends that cause cannot be found here because counsel's advice and performance were sound and reasonable. (Doc. 68 at ID 521-24.)  Therefore, Respondent argues Edward's motion should be dismissed. (Doc. 68 at ID 524.) Alternatively, Respondent argues that even if cause could be found, Edward's claims lack merit. (Doc. 524-32.)

Since Petitioner's first two claims would be procedurally defaulted if cause cannot be shown through alleging ineffective assistance of counsel, the salient issue is whether counsel was ineffective. Since the third claim incorporates the first two claims under ineffective assistance of counsel standards, I will address the claims for ineffective assistance based on the grounds raised in each of the first two claims.

    **B.**    **Analysis and Conclusion**

        **1.**    **2255 and ineffective assistance of counsel standards**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional

errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

### 2. Application and analysis

Petitioner argues that counsel was ineffective for failing to raise the following two issues regarding restitution at sentencing: (1) that the amount was improperly based on loss amounts from acquitted counts (one, two, and three) and (2) that the amount included the value of software that was not saleable because Microsoft had been enjoined from selling the software.

As to the first argument, the Court did consider acquitted conduct in fashioning its sentence. However, a defendant "is not being sentenced for acquitted conduct" when the "sentencing judge takes that [acquitted] conduct into account in determining a sentence for the crime of which the [defendant] was convicted, as long as the sentence imposed falls within the range prescribed by law for that *convicted* conduct. *United States v. White*, 551 F.3d 381, 385 (6th Cir. 2008)(emphasis in original). In the instant case, the Court found, by a preponderance of the evidence, that the conduct covered by the acquitted counts had been proven and sentenced accordingly. (Doc. 67 at ID 495, 500, 510-11.) Therefore, the Court did not err and neither trial nor appellate counsel could be considered ineffective for failing to raise this meritless issue.

As to the second argument, the restitution amount was not based on Microsoft's profit loss. The Court noted that "Microsoft, I think, quite legitimately has been unwilling to share with us the amount of profit that was lost as a result of Mr. Edward's conduct." (Doc. 67 at ID 499.) The court noted that since loss could not be determined, the guidelines allowed use of Edward's gain and the court indicated that Edward's gain was $140,453 based on his gross sales receipts. (Doc,. 67 at ID 499-500.) In addition, the court added to that figure the price paid by one of the victims ($75.65.). (Doc. 67 at ID 511-12.) Therefore, Microsoft's conduct did not play a role in determining restitution and whether they were enjoined or not did not affect the Court's sentence. Accordingly, neither trial or appellate counsel could be considered ineffective for failing to challenge an issue that did not affect Petitioner's sentence.

Accordingly, I recommend that Petitioner's motion to vacate (Docs. 60, 75) be **DENIED**.

### III.    REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 26, 2017                           S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge


**CERTIFICATION**

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Bruce Alan Edward #47790039 at Elkton Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 10, Lisbon, OH 44432.

Date: January 26, 2017                            By s/Kristen Castaneda
                                                  Case Manager

9