UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,      Case No. 12-cr-20705

v.      Honorable Thomas L. Ludington
     Magistrate Judge Patricia T. Morris

BRUCE ALAN EDWARD,

    Defendant-Petitioner.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTIONS TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING CERTIFICATION OF APPEALABILITY AND FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

On December 17, 2013, Defendant Bruce Alan Edward was found guilty of three counts involving the sale of counterfeit copies of copyrighted Microsoft Office 2003 Professional software. ECF No. 45. He was sentenced to 36 months imprisonment. ECF No. 59. On June 10, 2015, Edward filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 60. On August 14, 2015, Edward filed a motion to amend his original motion and dismiss the claims in his original complaint. ECF No. 69. The Government then filed a motion to dismiss. ECF No. 71. Those motions were referred to Magistrate Judge Patricia T. Morris. On October 13, 2015, Judge Morris issued a report recommending that Edward's motion to supplement be granted in part and directed Edward to file an amended motion to vacate "on the ground that counsel failed to investigate and introduce evidence regarding the breakdown of the restitution amount." ECF No. 73 at 17. Judge Morris found that the other two claims Edward advanced in the motion to supplement were untimely. On November 3, 2015, Edward filed an amended motion to vacate his sentence. ECF No. 75. Edward separately objected to the conclusion that his claims were

untimely because he was actually innocent. ECF No. 76. The Government also objected, arguing that Edward's motion to amend should be denied because the claim asserted therein was also untimely. ECF No. 74.

On May 19, 2016, the Court issued an order adopting in part the report and recommendation, overruling Edward's objections, sustaining the Government's objections, granting the motion to dismiss, and striking portions of the amended motion to vacate Edward filed after the report and recommendation was issued. ECF No. 78. In her original report and recommendation, Judge Morris declined to review arguments which Edward advanced in his original motion but not his proposed amended motion because Edward requested that his previous claims be dismissed in the motion to amend. However, because the Court denied Edward's motion to amend to the extent he sought to add new claims, the claims in Edward's original motion are still outstanding. On January 26, 2017, Judge Morris issued a report finding that Edward's remaining arguments were without merit and recommending that his motions to vacate be denied.

On January 26, 2017, Edward was mailed service of the report and recommendation to the address he had previously provided the Court. Immediately after he filed his initial motion to vacate, Edward was informed that it was his responsibility to notify the Court of address changes, pursuant to Local Rule 11.2. That rule provides that "[t]he failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." *Id.* Despite that warning, Edward did not notify the Court of his change in address. Edward did not receive service of the report and recommendation within the time period for objections, but the fault for that lies with Edward.

Although the Magistrate Judge's report explicitly stated that the parties to this action may object to and seek review of the recommendation within fourteen days of service of the report, neither Petitioner nor Respondent filed any objections. The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal.

Before the petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254.

Having considered the matter, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not

be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 80, is **ADOPTED**.

It is further **ORDERED** that Defendant Edwards's motions to vacate, ECF No. 60, 75, are **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: March 2, 2017                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2017.

                                        s/Kelly Winslow for
                                        MICHAEL A. SIAN, Case Manager

---